UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHERYL BARAHONA and KUBA OSTACHIEWCZ, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>T-MOBILE USA, INC.,<br><br>Defendant. | CASE NO. C08-1631RSM<br><br>ORDER TO SHOW CAUSE WHY STAY SHOULD NOT BE LIFTED |

This matter comes before the Court *sua sponte*. On May 15, 2009, the Court stayed this action and referred certain issues presented herein to the Federal Communications Commission ("FCC") under the primary jurisdiction doctrine. Dkt. # 38. On August 3, 2009, the Court denied Plaintiffs' request for an interlocutory appeal. *Id*. On January 14, 2010, Plaintiffs' counsel filed a Petition for an Expedited Declaratory Ruling with the FCC.

Since then, the parties have filed joint status reports every six months. On February 6, 2024, the parties filed their twenty-fourth such report, indicating that the Petition is still pending before the FCC. We are now coming up on fifteen years of stayed litigation.

ORDER TO SHOW CAUSE WHY STAY SHOULD NOT BE LIFTED - 1

A lot can happen in fifteen years, including the death of proposed class members. Whatever value Plaintiffs may have received in the resolution of this case may be meaningless if it arrives decades after the alleged injury.

Staying a case under the primary jurisdiction doctrine is reserved for a "limited set of circumstances that requires resolution of an issue of first impression, or of a particularly complicated issue that Congress has committed to a regulatory agency." *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 760 (9th Cir. 2015) (quoting *Clark v. Time Warner Cable*, 523 F.3d 1110, 1114 (9th Cir. 2008)) (internal quotations omitted). In considering primary jurisdiction, a court considers: "(1) the need to resolve an issue that (2) has been placed by Congress within the jurisdiction of an administrative body having regulatory authority (3) pursuant to a statute that subjects an industry or activity to a comprehensive regulatory authority that (4) requires expertise or uniformity in administration." *Id*. (quoting *Syntek Semiconductor Co. v. Microchip Tech. Inc.*, 307 F.3d 775, 781 (9th Cir. 2002)). Courts must also consider whether invoking primary jurisdiction would needlessly delay the resolution of claims. *Id.* (citing *Reid v. Johnson & Johnson*, 780 F.3d 952, 2015 WL 1089583, at *12 (9th Cir. 2015); *United States v. Philip Morris USA Inc.*, 686 F.3d 832, 838, 402 U.S. App. D.C. 34 (D.C. Cir. 2012) ("The primary jurisdiction doctrine is rooted in part in judicial efficiency.")). Under Ninth Circuit precedent, "efficiency" is the "deciding factor" in whether to invoke primary jurisdiction. *Id.* (citing *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1165 (9th Cir. 2007)). According to the Ninth Circuit, "[c]ommon sense tells us that even when agency expertise would be helpful, a court should not invoke primary jurisdiction when the agency is aware of but has expressed no interest in the subject matter of the litigation," and that "primary jurisdiction is not required when a referral to the agency would significantly postpone a ruling that a court is otherwise competent to make." *Id*. at 761.

1  With this in mind, the Court ORDERS the parties to SHOW CAUSE why the stay in
2  this case should not be lifted. The parties are to each file a response, not to exceed ten pages, no
3  later than thirty (30) days from the date of this Order.
4      DATED this 6th day of February, 2024.

                                              RICARDO S. MARTINEZ
                                              UNITED STATES DISTRICT JUDGE

ORDER TO SHOW CAUSE WHY STAY SHOULD NOT BE LIFTED - 3