UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHERYL BARAHONA and KUBA OSTACHIEWCZ, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>T-MOBILE USA, INC.,<br><br>Defendant. | CASE NO. C08-1631RSM<br><br>ORDER LIFTING STAY |

This matter comes before the Court *sua sponte*. On May 15, 2009, the Court stayed this action and referred certain issues presented herein to the Federal Communications Commission ("FCC") under the primary jurisdiction doctrine. Dkt. # 38. On August 3, 2009, the Court denied Plaintiffs' request for an interlocutory appeal. *Id*. On January 14, 2010, Plaintiffs' counsel filed a Petition for an Expedited Declaratory Ruling with the FCC.

Since then, the parties have filed joint status reports every six months. On February 6, 2024, the parties filed their twenty-fourth such report, indicating that the Petition is still pending before the FCC. We are now coming up on fifteen years of stayed litigation.

ORDER LIFTING STAY - 1

A lot can happen in fifteen years, including the death of proposed class members. Whatever value Plaintiffs may receive in this case may be meaningless if it arrives decades after the alleged injury. Considering this, and the procedural record, the Court recently issued an Order to Show Cause why the stay in this case should not be lifted. Dkt. #78. The parties filed responses, which have been reviewed by the Court. *See* Dkts. #81 and #82.

Staying a case under the primary jurisdiction doctrine is reserved for a "limited set of circumstances that requires resolution of an issue of first impression, or of a particularly complicated issue that Congress has committed to a regulatory agency." *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 760 (9th Cir. 2015) (quoting *Clark v. Time Warner Cable*, 523 F.3d 1110, 1114 (9th Cir. 2008)) (internal quotations omitted). In considering primary jurisdiction, a court considers: "(1) the need to resolve an issue that (2) has been placed by Congress within the jurisdiction of an administrative body having regulatory authority (3) pursuant to a statute that subjects an industry or activity to a comprehensive regulatory authority that (4) requires expertise or uniformity in administration." *Id*. (quoting *Syntek Semiconductor Co. v. Microchip Tech. Inc.*, 307 F.3d 775, 781 (9th Cir. 2002)). Courts must also consider whether invoking primary jurisdiction would needlessly delay the resolution of claims. *Id.* (citing *Reid v. Johnson & Johnson*, 780 F.3d 952, 2015 WL 1089583, at *12 (9th Cir. 2015); *United States v. Philip Morris USA Inc.*, 686 F.3d 832, 838, 402 U.S. App. D.C. 34 (D.C. Cir. 2012) ("The primary jurisdiction doctrine is rooted in part in judicial efficiency.")). Under Ninth Circuit precedent, "efficiency" is the "deciding factor" in whether to invoke primary jurisdiction. *Id.* (citing *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1165 (9th Cir. 2007)). According to the Ninth Circuit, "[c]ommon sense tells us that even when agency expertise would be helpful, a court should not invoke primary jurisdiction when the agency is aware of but has expressed no interest in the subject matter of the litigation," and that "primary

ORDER LIFTING STAY - 2

jurisdiction is not required when a referral to the agency would significantly postpone a ruling that a court is otherwise competent to make." *Id*. at 761.

The parties agree that the Court has discretion to continue or lift the stay in this case. *See* Dkt. #81 at 6; Dkt. #82 at 2. Plaintiffs acknowledge the above legal standards and ask the Court to lift the stay for several reasons, which need not be analyzed item-by-item. Defendant T-Mobile argues that "good cause" exists to maintain the stay for two reasons: because the FCC "must clarify its position" in the interest of "uniformity," and because "Plaintiffs' inaction over the past 13-plus years on their claims, including not seeking relief from the stay or pressing the FCC to act on their petition, suggests that they have not been prejudiced by the stay." Dkt. #82 at 3. In the alternative, T-Mobile asks that "the stay be lifted for the sole and limited purpose of enabling T-Mobile to file a motion to compel arbitration pursuant to T-Mobile's Terms and Conditions." *Id*. at 5.

Although it would be ideal for the FCC to clarify its position, there is no reason to believe that will happen anytime soon. The hope of agency clarification exists in every case stayed under the primary jurisdiction doctrine and cannot on its own outweigh the practical considerations discussed in *Astiana, supra*. Turning to T-Mobile's second point, the Court is not particularly convinced Plaintiffs should be chastised for "inaction," given that there is no evidence that reasonable diligence would require the steps suggested by T-Mobile (filing an updated request with the FCC or petitioning for mandamus). The only changed circumstance here is the passage of time. While the Court is surprised that this much time could pass without intervention by the parties, the solution is not to allow more time to pass.

The Court finds that, considering the above law and the extreme passage of time in this case, it is no longer efficient to invoke primary jurisdiction, and the Court is convinced that the FCC "is aware of but has expressed no interest in the subject matter of the litigation."

ORDER LIFTING STAY - 3

Accordingly, the stay in this case will be lifted. T-Mobile is free to file a motion to compel arbitration. While the parties and the Court await that motion, this case must proceed with a new scheduling order.

Having considered the submitted responses to the Order to Show Cause and the remainder of the record, the Court hereby FINDS and ORDERS that the stay in this case is LIFTED. The parties are to file a joint status report within thirty (30) days setting forth a proposed scheduling order and addressing the timing of a potential motion to compel arbitration.

DATED this 27th day of March, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE