1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHERYL BARAHONA and KUBA OSTACHIEWCZ, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>T-MOBILE USA, INC.,<br><br>Defendant. | Case No. C08-1631-RSM<br><br>ORDER GRANTING MOTION TO STAY AND COMPEL ABITRATION |

This matter comes before the Court on Defendant T-Mobile USA, Inc. ("T-Mobile")'s Motion to Stay and Compel Arbitration. Dkt #86. T-Mobile points to the arbitration clause in the June 2008 update to the Terms & Conditions ("T&Cs") to which Ms. Barahona and Mr. Ostachiewcz (collectively "Plaintiffs") agreed to, and which was introduced into the record by T-Mobile. *See* Dkt. #87, Ex. 2 at 2-3. This clause states, in capitalized, bold font, that "[the parties] agree that . . . any and all claims or disputes between [them] in any way related or concerning the agreement . . . including any billing disputes, will be resolved by binding arbitration, rather than in court . . . [the parties] also agree that the [a]greement affects interstate commerce so that the Federal Arbitration Act and federal arbitration law apply." *Id*.

ORDER GRANTING MOTION TO STAY AND COMPEL ARBITRATION - 1

The Federal Arbitration Act ("FAA") makes agreements to arbitrate "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The law reflects an "emphatic federal policy in favor of arbitral dispute resolution." *KPMG LLP v. Cocchi*, 565 U.S. 18, 21 (2011). The FAA applies to this action both because the transactions at issue involve interstate and foreign commerce, and because the parties' agreement expressly provides for its application. The Court's role in deciding a motion to compel arbitration under the FAA is "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

Plaintiffs do not dispute they technically agreed to T-Mobile's updated T&Cs, which included the arbitration provision. Instead, they argue that they were not provided adequate notice and that the arbitration provision, including the class action waiver, Dkt. #87, Ex. 2 at 4, is unconscionable and unenforceable. It is important to note that California law controls here since Plaintiffs' billing addresses are in California. *See id*. at 18 (T&Cs provide for application of law of state in which customer's billing address is located). Under California law, "unconscionability has both a 'procedural' and a 'substantive' element," the former focusing on "oppression" or "surprise" due to unequal bargaining power, the latter on "overly-harsh" or "one-sided" results. *A&M Produce Co. v. FMC Corp.*, 135 Cal. App. 3d 473, 486–87 (1982) (citation omitted). If Plaintiffs contend the arbitration agreement is unenforceable, they bear the burden of proving unconscionability. *See Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 91 (2000). The Supreme Court has clearly explained that an arbitration provision that includes a waiver of class action rights is enforceable. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011). Additionally, here, the Court has reviewed the arbitration clause and finds it to be conspicuous

ORDER GRANTING MOTION TO STAY AND COMPEL ARBITRATION - 2

and clear. It encompasses the dispute between Plaintiffs and T-Mobile and Plaintiffs did not trigger the opt-out provision included in the T&Cs. Dkt. #87, Ex. 2 at 7. In fact, starting with the 2008 T&Cs, every version of the T-Mobile T&Cs has contained an opt-out provision, and despite numerous occasions to do so, Plaintiffs have never taken an action to opt out. Dkt. #86, at 14. The law assumes consumers have read the contract they accepted. *See Operating Eng'rs Pension Tr. v. Cecil Backhoe Serv., Inc.*, 795 F.2d 1501, 1505 (9th Cir. 1986) ("A party who signs a contract is bound by its terms regardless of whether [they read it or consider] the legal consequences of signing it."). Plaintiffs refer to the T&Cs update process in their Complaint, Dkt. #1, ¶¶ 22-23, 31, but at the same time allege they did not have sufficient notice of the material changes in the T&Cs until "well after filing [the] lawsuit." Dkt. #90 at 4. Thus, Plaintiffs' assertion that they were not given adequate notice of the arbitration provision, including the class action waiver that was part of the June 2008 update to the T&Cs, falls flat. Accordingly, the Court will grant T-Mobile's requested relief, stay this case, and compel Plaintiffs to arbitrate their claims against T-Mobile.

Having considered the briefing and the remainder of the record, the Court hereby finds and ORDERS that T-Mobile's Motion to Stay and Compel Arbitration, Dkt #86, is GRANTED. This case is STAYED, and Plaintiffs and T-Mobile are DIRECTED to arbitrate pursuant to the arbitration clause in effect between them. The parties are DIRECTED to file a joint status report 90 days after the filing of this Order and every 90 days thereafter until the arbitration is resolved.

DATED this 25th day of July, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE